**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| ROY KIMBRELL ACKERMAN,             )<br>                                                             )<br>                       Plaintiff,             )<br>                                                             )<br> v.                                                       )<br>                                                             )<br>MICHAEL J. ASTRUE,                    )<br>COMMISSIONER OF SOCIAL      )<br>SECURITY,                                       )<br>                                                             )<br>                       Defendant.          )<br>_____) | Civil Action No.  3:10-02586-TLW-JRM<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

    This is a Social Security case filed by the *pro se* Plaintiff on October 5, 2010, pursuant to 42 U.S.C. § 405(g). Defendant filed an Answer on March 24, 2011. Pursuant to Local Rule 83.VII.04, D.S.C., the Plaintiff may file a written brief within thirty (30) days of the filing of Defendant's Answer. This deadline passed, and an order was issued by the Court on April 29, 2011 stating that:

> the Plaintiff shall have ten (10) days from the date of this order in which to file a brief. Failure to do so may result in a recommendation that this case be dismissed for failure to prosecute. *See* 41(b) Fed.R.Civ.P.

*See* Order filed April 29, 2011 (Document No. 22).

    Notwithstanding this warning, it appears that Plaintiff has elected not to file a brief. As such, it appears that the Plaintiff does not wish to continue to prosecute this action.

In considering whether to dismiss an action pursuant to Rule 41(b),[1] the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978). In addition, it has been held that a party should receive a warning that failure to obey an order of the Court could result in dismissal. Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989).

Here, Plaintiff is proceeding *pro se,* so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no written brief has been filed. Defendant is likely to suffer prejudice from the unreasonable delay stemming from Plaintiff's failure to prosecute. No other reasonable sanctions are available. Plaintiff was warned that failure to respond could result in dismissal. It is, therefore, recommended that this action be dismissed pursuant to Rule 41(b).

                                                           _____
                                                           Joseph R. McCrorey
                                                           United States Magistrate Judge

May 16, 2011
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

---

[1] This Rule provides, in part:
If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.
Fed. R. Civ. P. 41(b).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).